3

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
GABRIEL P. HERRERA, State Bar #287093
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California  95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>JAMES WILLIAM SCOTT,<br><br>          Debtor. | Case No. 13-21199-D-7<br>Chapter 7<br><br>DNL-5<br><br>Date:     June 5, 2013<br>Time:    10:00 a.m.<br>Location: 501 I Street, 6th Floor<br>          Court Room 34<br>          Sacramento, CA 95814 |

## MOTION TO APPROVE SALE OF VEHICLES

J. MICHAEL HOPPER ("Trustee"), in his capacity as trustee of the Chapter 7 bankruptcy estate of JAMES WILLIAM SCOTT ("Debtor"), hereby moves for authority to sell the bankruptcy estate's interest in two vehicles identified as (1) a 2005 Dodge Ram 1500 Regular Cab ("2005 Dodge") and (2) a 2007 Ford F-150 Regular Cab ("2007 Ford") (collectively "Vehicles"), to RAMCO, INC. ("Buyer"), for the purchase price of $4,000.00, subject to Bankruptcy Court approval and overbidding at the sale hearing. In support thereof, Trustee respectfully represents the following:

## JURISDICTION AND FACTUAL BACKGROUND

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

2.      On January 30, 2013, the Debtor commenced the above captioned bankruptcy case

by filing a voluntary Chapter 7 petition.  Trustee is the duly appointed trustee of the bankruptcy estate.

3.      Among the scheduled assets of the Debtor's bankruptcy estate is the Debtor's interest in the Vehicles.  The Debtor's Schedule B, filed January 30, 2013, identifies the value of the Vehicles as $5,000 each.  The Debtor's Schedule B notes that the 2007 Ford is registered to All Capital Funding, LLC and that the Debtor holds a 100% ownership interest the company.  The Vehicles are located in Bakersfield, California.

4.      Trustee is aware that both of the Vehicles are in need of substantial mechanical and aesthetic repairs.  The Buyer physically inspected each of the Vehicles and provided quotes for the cost of repairs, including repairs to the exterior, brakes, transmission, engine, tires, batteries, and upholstery.  The quote for the 2005 Dodge totals $4,920 and the quote for the 2007 Dodge totals $7,700.  Trustee has received no higher or otherwise better offer for the Vehicles.

## TERMS OF SALE AGREEMENT

5.      Subject to Bankruptcy Court approval, Trustee has entered into a purchase and sale agreement with the Buyer providing for the Buyer's purchase of the bankruptcy estate's interest in the Vehicles for the purchase price of $4,000, payable by cashier's check upon execution of the Sale Agreement.  The Sale Agreement is subject to overbidding at a the sale hearing.

## BASIS FOR RELIEF

Pursuant to 11 U.S.C. 363(b)(1), Trustee can sell property of the estate after notice and hearing.  A sale under Section 363(b)(1) must have a valid business justification and be proposed in good faith.  *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. BAP 1996).  Trustee's proposed sale of the Vehicles to the Buyer has a valid business justification and is in the best interest of the estate.  After accounting for the numerous repairs required for the Vehicles, Trustee believes that the proposed sale is in the best interest of the estate.  As noted above, Trustee has received no higher or otherwise better offer for the Vehicles.  Moreover, employing an auctioneer to auction the Vehicles and obtaining Bankruptcy Court approval of the same will entail further costs and delay for the estate.  The estate will benefit from an efficient administration of the Vehicles and a sure recovery of $4,000.  Furthermore, prospective buyers interested in bidding more

for the Vehicles will have an opportunity to do so at the sale hearing.  As such, the proposed sale to the Buyer is a good faith effort by Trustee to maximize the net return to the estate on account of Vehicles.

   **WHEREFORE**, Trustee prays that the motion be granted, and for such other and further relief as is necessary and proper.

Dated: May 2, 2013          **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**


By:_____
   **J. LUKE HENDRIX**
   Attorneys for J. Michael Hopper
   Chapter 7 Trustee